The Honorable M. Dee Bennett, Ph.D. State Representative P.O. Box 17033 North Little Rock, Arkansas 72117
Dear Representative Bennett:
This is in response to your request, on behalf of one of your constituents, for an opinion regarding the candidacy of Ms. Lynn Welsh for a position on the North Little Rock City Council. In your correspondence, you quote your constituent's concerns about Ms. Welsh's candidacy as follows:
 I am writing to specifically request the Attorney General's opinion concerning a situation which is developing in the North Little Rock Municipal Government, which has the appearance of impropriety, but very well may be a serious conflict of interest. The facts are as follows:
 Lynn Welsh has recently resigned from the North Little Rock Civil Service Commission. She has announced her intentions to run as a candidate for alderman in her ward. Beside[s] being a political activist, Ms. Welsh is very involved in the day-to-day operations of the family construction business with her
 husband, Jack Welsh. This construction company bids on many city contracts and, from time to time, has done and is doing work for various agencies and departments for the city of North Little Rock.
With respect to this matter, you have posed the following questions:
 1. Does a sufficient contract exist at this time which would prevent Lynn Welsh from seeking the position of alderman in the City of North Little Rock?
 2. If Lynn Welsh were to be elected as alderman, would a sufficient conflict exist to the extent the family construction business would be prohibited from bidding on city contracts?
As it is my understanding that Ms. Welsh is, in fact, a candidate for alderman and will appear on the ballot, your first question is rendered moot. In any event, I have found no prohibition to her candidacy based upon her family's business contacts with the City of North Little Rock.
With regard to your second question, it is my opinion that, although the issue may depend upon specific factual circumstances, Ms. Welsh's service as a council member would not entirely preclude her family's construction company from doing business with the city.[1] Individual factual circumstances will have to be considered as they arise, however, in order to determine if an impermissible conflict of interest exists.
North Little Rock is a city of the first class with a mayor-council form of government. Two statutes are relevant to your second question. The first is A.C.A. § 14-42-107(b) (1987), which provides:
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
 (2) The prohibition prescribed in this subsection shall not apply to contracts for the furnishing of supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman or council member holds any executive or managerial office, or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
Subsection (b)(1) of the foregoing statute would thus prohibit a council member from profiting from any contract for supplies, equipment or services with the city, unless there is an ordinance authorizing it. This prohibition, in my opinion, is broad enough to cover a contract between a city and a construction company, and thus a council member could not profit from such an arrangement in the absence of an ordinance authorizing him or her to do so, unless the situation falls within the exception listed in subsection (b)(2) of § 14-42-107, as set forth above. That section provides that the prohibition in subsection (b)(1) shall not apply to contracts for the furnishing of supplies, equipment or services to be performed for a municipality by a corporation in which no alderman or council member holds any executive or managerial office, or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.[2] Thus, if a controlling interest in the construction company at issue here is held by non-council members, the construction company would not be prohibited from doing business with the city, even if there is no ordinance authorizing it, and even though the council member holds an executive or managerial office at the company.
Additionally, under subsection (b)(2), if the council member does not hold any executive or managerial office at the company, the construction company would not be prohibited from doing business with the city, even if there is no ordinance authorizing it, and even though the council member holds a controlling interest in the company.
One other provision should be considered in this regard. Arkansas Code Annotated § 21-8-304 provides in pertinent part:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
In my opinion, this provision is applicable to city councilmen, and under certain facts could give rise to an unlawful conflict of interest. This determination must be made, however, on a case by case basis with the particular circumstances in mind. It in all likelihood would not, however, amount to a wholesale prohibition against the construction company in question doing business with the city.
Finally, it is important to note that, generally, an officer would be disqualified from participating in a decision when he or she has a personal interest which might interfere with the unbiased discharge of his duty to the public. The Arkansas Supreme Court held in Van Hovenberg v. Holman, 201 Ark. 370,144 S.W.2d 719 (1940) that no member of a city council may vote on any decision involving his own pecuniary interest, if that interest is immediate, particular, and distinct from the public interest. However, a member is not disqualified where his interest is only as a member of a class.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] In Op. Att'y Gen. No. 90-132, this office addressed a similar issue. There, the following question was posed: "If a person who is Assistant Vice President of a bank is elected to the city council of a city in which the bank is located, will his service on the city council limit or restrict in any way the authority of the bank to do business with the city?" Citing A.C.A. §§ 14-42-107(b) and 21-8-304, it was concluded that the vice president's service as a council member would not entirely preclude the bank from doing business with the city; rather, individual circumstances would have to be considered in order to determine if a conflict of interest were present.
[2] In Op. Att'y Gen. No. 90-132, it was concluded that A.C.A. § 14-42-107(b)(2) should be read in the disjunctive to mean that if either of the circumstances listed therein exist, it will exempt a council member from the prohibition in subsection (b)(1).